L. HILLEBRANDT ET AL. v. JOSEPH DEVINE ET AL.

Decided February 6, 1903.

**Public Schools—Independent District—Election of Trustees.**

The Act of February 21, 1900, providing for an election to incorporate a town included in a public school district for school purposes only as an independent district, requires, by section 10 thereof, that trustees for the new district shall be elected at the same election at which the question of incorporation is voted on. Gen. Laws 1900, p. 18.

Appeal from District Court of Harris. Tried below before Hon. Wm. H. Wilson.

*W. J. Howard,* for appellants.

*Dan H. Triplett* and *Coleman·& Abbott,* for appellees.

GARRETT, CHIEF JUSTICE.—This action was brought in the District Court of Harris County in the Fifty-fifth Judicial District, October 30, 1902, by L. Hillebrandt and Robert Ward, as trustees of common school district No. 25, Harris County, Texas, and Eva Harrell, a teacher employed by said trustees to teach the Chaneyville school in said district, against Joseph Devine, H. E. Detering, H. Werner, John Mann, J. S. Williams, J. H. McNew and C. Hochmuth, who were acting as trustees of the independent school district of Chaneyville, and J. H. Crawford, whom such trustees had employed to teach said school, to enjoin defendants from interfering with the plaintiffs in the control and management and possession of said school and the property belonging thereto, and praying judgment for such possession and control, and that the county superintendent of schools be restrained from making an apportionment of part of the school fund of said common school district to said independent school district.

As presented by the pleadings and evidence the question before the court was the validity of the election of the defendants, except Crawford, as trustees of the independent school district of the town of Chaneyville, which had been a part of common school district No. 25, and had recently voted to become incorporated as a town for school purposes only, the trustees having been voted for at the same election at which the question of incorporation was submitted. The case was tried to the court without a jury and resulted in a judgment in favor of the defendants sustaining the validity of their election as trustees and employment as teacher.

The plaintiffs Hillebrandt and Ward are the trustees of common school district No. 25, of Harris County, which on July 23, 1902, included within its limits the town of Chaneyville. On said date, on the application of the citizens of said town, the county judge of Harris County ordered an election to be held at the schoolhouse therein on August 20, 1902, to determine whether the inhabitants of said town,

embracing a definite portion of the territory of said common school district No. 25, and including the Chaneyville schoolhouse, should become incorporated as a town for free school purposes only, and at the same time and place to elect seven trustees for said independent district, should the same be incorporated. An election was held as ordered and a majority of the votes cast were in favor of incorporation, and of the said Devine, Detering, Werner, Mann, Williams, McNew and Hochmuth as trustees; and on August 22, 1902, the county judge declared said territory to be incorporated as the independent school district of Chaneyville, and the Commissioners Court declared the said Devine, Detering, Werner, Mann, Williams, McNew and Hochmuth duly elected as trustees of said district, and they thereupon took possession of the school of Chaneyville and of the schoolhouse and property belonging thereto, employed the defendant Crawford as teacher, and have since had possession and control of said school and property against the protest of the plaintiffs. The matter in controversy was submitted to the State Superintendent of Public Instruction on appeal to him, and the validity of the election of the defendant·trustees was sustained by that officer; and on further appeal to the State Board of Education his decision was affirmed. It was agreed by the parties that the rights of the teachers depend upon the validity of the election of the trustees.

Section 10 of chapter 7 of the laws of the First Called Session of the Twenty-sixth Legislature, approved February 21, 1900 (Laws, page 18), is as follows: "At any time hereafter it shall be lawful for any town or village, which may desire to incorporate for school purposes only, to make application to the county judge for the organization of an independent school district, as provided for by the general statutes governing such cases, and for the election of a board of trustees, as provided in this act, and, on receipt of such application, it shall be the duty of the county judge to proceed as required in section 3 of this act."

Prior to the passage of this act the election of school trustees of a town incorporating as an independent school district was held at an election subsequent to the election at which the question of incorporation was determined. Rev. Stats., arts. 3994, 3999. There was also in force a law requiring elections for school trustees to be held on the first Saturday in June. Rev. Stats., art. 3953. And it is said in argument that the election for the first trustees under the law as it was before the passage of the act of the Twenty-sixth Legislature could only have been held on the first Saturday in June, and that by analogy the first election of trustees under the present law must be held on the first Saturday in May. But that is begging the question. The present law was passed for the purpose of providing a uniform method for the election of school trustees subject to the exceptions therein named. · In order to make the application of the law general it was necessary to provide for all elections, including first elections when independent school districts are to be formed. Section 10 of the law makes such provision, and requires the county judge to order an election to be conducted in accordance with

section 3, upon application of the inhabitants of the proposed district for the purpose of determining the question of incorporation and the election of a board of trustees. Only one application and one order is contemplated by the law. This construction is borne out by section 3, which provides that the county judge shall order the first election required to be held under the act; and that all subsequent elections should be ordered by the board of trustees. It is the usual constitutional method for the questions of organization and the election of officers to be submitted to the people at the same time, and no inference can be indulged against the construction that both questions were required to be submitted at the same time, on the ground that no officers could be elected until the incorporation had been determined upon. It is contended by counsel for appellants that a proper construction of the law would give force to the provision that it should be lawful "at any time hereafter" for any town or village to incorporate for school purposes by permitting the election to be held only for the purpose of determining the question of incorporation at any time, and requiring the election for trustees to be held on the first Saturday in May. This is sought to be enforced by the argument ab inconvenienti that no apportionment of the school fund could be made, the law making no provision for a scholastic census for the purpose. But this objection as well as others seems to be met by article 2938d of the Revised Statutes, which confers authority on the State Superintendent of Public Instruction to provide rules for the conduct of the schools. A proper construction of the law would require the terms of the trustees elected at the incorporation of the district to be determined and expire at the succeeding general elections, as they would had they been elected at such election. No other construction can be given to section 10 of the law than that the election of trustees is required to be held at the same time that the question of incorporation is voted upon, and that such election falls within the exception made in section 1, providing that the election for trustees shall be held on the first Saturday in May, subject to the exceptions named in the act. It is contended that it is obvious that the exceptions named are only of the cities of Fort Worth and Dallas; but by reference to section 9 it will be seen that towns and cities are excepted also which have chosen their trustees by appointment of the city council or board of aldermen under the provisions of article 4018 of the Revised Statutes. The Act of 1900 under consideration repealed all laws in conflict therewith, and it is clear that in providing for the incorporation of towns as independent school districts the board of trustees for such districts is required to be elected at the same time that the election on the question of incorporation is held. That the town of Chaneyville was incorporated is not denied. The defendant trustees were elected at the same time and their election is valid. The judgment will be affirmed.

*Affirmed.*

Writ of error refused.